IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL ANGELO CASSELL                                                                    PLAINTIFF

v.                                      CIVIL NO. 14-2128

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                           DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). ECF No. 16, 18. This matter is presently before the undersigned for report and recommendation.

**II.   Background:**

On March 27, 2015, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $1,725.00 representing a total of 11.50 attorney hours at an inferred hourly rate of $150.00. ECF No. 16, 18. On April 9, 2015, the Defendant filed a response objecting to the Plaintiff's Motion as premature. ECF No. 17.

**III.   Discussion:**

**A.     Prematurity:**

A request for an award of attorney's fees and costs under the EAJA must be filed "within thirty days of final judgment in a action." 28 U.S.C.§ 2412(d)(1)(B); *see also Shalala v.*

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

AO72A
(Rev. 8/82)

*Schaefer*, 509 U.S. 292, 296 (1993). A final judgement, for purposes of the EAJA, is one that is "final and not appealable." 28 U.S.C. § 2412 (d)(2)(G). Because the United States Supreme Court has not decided whether a litigant can apply for attorney fees before a judgment is final, the United States Court of Appeals for the Eighth Circuit has ruled that "the better course is for the district court to refrain from passing on the question of attorney fees until the litigation is final for purposes of the EAJA." *Harmon v. U.S. Through Farmers Home Admin.*, 101 F.3d 574, 587 (8th Cir. 1996).

Here, counsel filed said motion 30 days after the entry of judgment remanding the case and before the expiration of the 60-day appeal period. While Plaintiff's motion was technically premature at the time of its filing, as of April 28, 2015, the motion is became timely. As such, we do not find it would be in the best interest of justice to dismiss the Plaintiff's motion right now, only to have him re-file this identical motion tomorrow. However, we are advising Plaintiff and his counsel that future premature motions will be subject to dismissal.

      **B.**     <u>**Reasonableness:**</u>

It is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case, as he is the prevailing party, the government's decision to deny benefits was not "substantially justified", the hourly rate requested for both attorney hours do not exceed the CPI for either year in question, and the time asserted to have been spent in the representation of the Plaintiff before the district court is reasonable. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990) (the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's

fees of more than $75.00 an hour); and *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved). Accordingly, Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $1,725.00.

Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010), the EAJA fee award should be made payable to Plaintiff. However, as a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties are reminded that, in order to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

IV.  **Conclusion:**

Based upon the foregoing, I recommend awarding the Plaintiff $1,725.00 for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by**

AO72A
(Rev. 8/82)

**the district court.**

Dated this 11th day of May, 2015.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)